UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARLENE BEAUDIN,
on behalf of herself and others
similarly situated,

       Plaintiff,

v.

JP MORGAN CHASE BANK, N.A., as
successor in interest to CHASE HOME
FINANCE LLC, CHASE HOME FINANCE
LLC, PROFESSIONAL RECOVERY
SERVICES, GC SERVICES LTD.
PARTNERSHIP and ALLIED
INTERNATIONAL CREDIT,

       Defendants.
_____/

CLASS REPRESENTATION

CASE NO.:  6:12-cv-1084-Orl-31TBS

**DEFENDANT ALLIED INTERNATIONAL CREDIT'S MOTION
TO DISMISS OR FOR A MORE DEFINITE STATEMENT**

Defendant, ALLIED INTERNATIONAL CREDIT ("AIC"), pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), moves to dismiss the Amended Complaint (Dkt. #13) filed by Plaintiff, MARLENE BEAUDIN ("Beaudin"), or for a more definite statement pursuant to Rule 12(e), and as grounds therefor states:

    **I.**    **Standard on a Motion to Dismiss**

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). Factual allegations in a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations and emphasis omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 566). The well-pled allegations must nudge the claim across the line from the merely "conceivable" to the "plausible." *Id*. at 570.

Furthermore, a complaint must contain more than just a repetition of the elements of a cause of action to survive a motion to dismiss. It has to allege *facts*. In *Twombly*, the Supreme Court emphasized a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 663. Moreover, the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Id*.

## II. Facts and Legal Argument Relating to AIC

### A. Beaudin's Allegations Do Not Plausibly Demonstrate a Violation of the FDCPA

This case involves alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and related state and federal statutes. Beaudin's allegations with respect to AIC do not demonstrate that it committed a violation of the FDCPA or any other law, and therefore the Amended Complaint does not state a claim. Only four paragraphs of the Amended Complaint deal solely with AIC. Dkt. #13 ¶¶ 38–41. The alleged facts contained in those allegations do not surmount the high hurdle of *Iqbal* and *Twombly*.

Beaudin alleges the following as to AIC:[1]

(1)     In April 2012, AIC called Beaudin attempting to collect a debt. Dkt. #13 ¶ 38. This is perfectly legal under 15 U.S.C. § 1692g(a) (allowing initial communications with debtor in an attempt to collect a debt); *see McVey v. Bay Area Credit Service*, No. 4:10–CV–359–A, 2010 WL 2927388, at *2–3 (N.D. Tex. July 26, 2010) (even multiple phone calls per week seeking payment of debt did not constitute harassment or abuse).

(2)     In April 2012, Beaudin sent a letter requesting AIC to validate the debt and cease all communication presumably under 15 U.S.C. § 1692g(b). Dkt. #13 ¶ 39.   This was certainly her right to do but it says nothing about AIC's liability under the FDCPA.

(3)     In April 2012, *after* Beaudin began to receive calls from AIC attempting to collect a debt, she received a "debt collection letter" "attempting to collect the alleged debt." Dkt. #13 ¶ 40. The assertion that the letter complained of was a "debt collection letter" "attempting to collect the alleged debt" is conclusory. *Medrando v. CTX Mortg. Co., LLC*, No. 6:12–cv–704–ORL–37KRS, 2012 WL 2931293, at *4 (M.D. Fla. July 18, 2012) ("Plaintiff's contention that Defendants are, or were, attempting to collect on a debt to which they have 'no legal, equitable, or pecuniary interest' is simply conclusory…."); *Aniel v. T.D. Service Co.*, No. C 10–03185 JSW, 2010 WL 3154087, at *1 (N.D. Cal. August 9, 2010) (allegations that defendants were attempting to collect a debt under the FDCPA were conclusory).   The Court can ignore this allegation.  The contents of the letter are not described in any way and the Court need not credit Beaudin's conclusory description of the letter.  The letter could have been perfectly legitimate.

---

[1] It is interesting and somewhat curious that Beaudin alleges virtually the exact same allegations against all three supposed debt collectors named in the Amended Complaint.  This seems to undermine the plausibility of Beaudin's allegations.

Furthermore, communications that are merely informational and do not demand payment cannot be considered communications "in connection with the collection of any debt" under the FDCPA and are therefore not unlawful. *See e.g., Bailey v. Security Nat'l Serv. Corp.*, 154 F.3d 384, 388–89 (7th Cir. 1998) (noting that only communications "in connection with the collection of any debt" fall under the ambit of the FDCPA); *Gillespie v. Chase Home Finance, LLC*, No. 3:09–cv–191–TS, 2009 WL 4061428, at *5 (N.D. Ind. Nov. 20, 2009) (holding that letters were not the type of communications proscribed by FDCPA where the letters only advised the mortgagors that their delinquent debts had been turned over to another department and stated that options may be available to the mortgagors to resolve their delinquencies and save their homes from foreclosure). The Court and AIC are left to speculate as to the contents of the letter. Indeed, the letter could have been one allowed by 15 U.S.C. § 1692g(a)(1)-(5). Without more well-pled *facts* describing what was in the letter, the Amended Complaint does not state a claim.

In short, Beaudin should provide a more definite statement and describe the contents of the letter or, better yet, attach it to her complaint. *See, e.g., Brooks v. Flagstar Bank, FSB*, Civil Action No. 11–67, 2011 WL 2710026, at *7 (E.D. La. July 12, 2011) (holding that plaintiffs' allegation that they received "threatening letters," but not stating the contents of the letters, were conclusory and inadequate).

(4)     At some point (no date is specified) AIC allegedly failed to provide validation of the debt and failed to cease unspecified communication with Beaudin. Dkt. #13 ¶ 41.

First, Beaudin's claim that AIC failed to respond to her request for validation does not violate the law. Dkt. #13 ¶ 41. Courts recognize the FDCPA allows a collection agency to respond to a request for debt verification by ceasing all collection activity without verifying the debt. *See Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1031–32 (6th Cir. 1992) (finding that

4

debt collector did not violate the FDCPA by failing to verify the consumer's debt in response to his request for verification because the debt collector ceased collection activity after receiving the request); *Jang v. A.M. Miller*, 122 F.3d 480, 483 (7th Cir.1997) (holding that collection agencies did not violate the FDCPA by not sending the requested verification because the agencies ceased all collection activity after the consumer requested verification).

Second, Beaudin complains in paragraph 41 that after the validation request AIC failed to comply with her request to cease all communication. Dkt. #13 ¶41. However, under limited circumstances, the FDCPA *does not* prohibit further communication after a request by a debtor to cease all communication. The limited circumstances are described in 15 U.S.C. § 1692c(c)(1)–(3):

> (c) CEASING COMMUNICATION.  If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except --
>
> (1) to advise the consumer that the debt collector' further efforts are being terminated;
>
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>
> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

*Id.*

Nothing in Beaudin's allegations explain the type of communication that AIC allegedly sent her after she requested that all communication cease. The communication could have been the type allowed by 15 U.S.C. § 1692c(c)(1)–(3) described above. The Court can only guess as to the contents of the communication. The communication could have been permissible.

Far from alleging misconduct, these allegations give rise to an inference of permissible conduct. Because Beaudin's conclusory allegations are consistent with innocent conduct, they do

5

not pass the plausibility standard of *Iqbal*. *See MediaXposure Ltd. v. Harrington*, No. 8:11–CV–410–T–TGW, 2012 WL 1805493, at *9 (M.D. Fla. May 17, 2012) ("The Supreme Court indicated in *Iqbal* and *Twombly* that, where there is an alternative inference of permissible conduct, allegations that are merely consistent with liability are insufficient."). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 566). In applying the *Twombly/Iqbal* standard to a motion to dismiss, courts have held that plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *See e.g., Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

All told, given the allegations in the Amended Complaint, the Court cannot determine whether a violation of the statute even occurred. Each of the allegations is consistent with innocent conduct—meaning that each allegation amounts to nothing as far as *Twombly* and *Iqbal* are concerned. Of course, this also means the allegations in the aggregate mean nothing. As Second Circuit Judge Calabresi once wrote in a different context, "The adding of zeros to zeros, no matter how many, cannot amount to more than zero." *United States* v. *Martinez*, 54 F.3d 1040, 1045 (2d Cir. 1995) (Calabresi, J. concurring).

There is perhaps no better example of a complaint that "stops short of the line between possibility and plausibility" than this one. Beaudin cannot meet her burden under the relevant pleading standard merely by presenting a meager assortment of conclusory allegations, each no more consistent with misconduct than with innocence. To get past *Iqbal* and *Twombly*, Beaudin

6

must plead facts regarding the type of communication or misconduct engaged in by AIC that violate the FDCPA (alleging with facts that the communications involved an attempt to collect a debt, that they were not of the type contemplated by 15 U.S.C. § 1692c(c)(1)-(3), or that they were not the type described in 15 U.S.C. § 1692g(a)(1)-(5)).

Furthermore, the allegations in the various Counts of the Amended Complaint add literally nothing to "nudge" the claims against AIC "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. There are no facts alleged in the Counts; they merely recite virtually verbatim the language from certain provisions of statutes alleged to have been violated. Of course, "parroting" the words of a statute is entirely insufficient to state a claim. *Twombly*, 550 U.S. at 555 (a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."); *see also Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("We understand the Court in *Iqbal* to be admonishing those plaintiffs who merely parrot the statutory language of the claims that they are pleading (something that anyone could do, regardless of what may be prompting the lawsuit), rather than providing some specific facts to ground those legal claims, that they must do more."). In other words, merely reciting the words of the statute is insufficient to provide the "showing" required by Rule 8 and subjects such a defective complaint to dismissal. *Id*.

Beaudin's Amended Complaint as it pertains to AIC should be dismissed, or she should provide a more definite statement better describing *with facts* AIC's alleged violation of the FDCPA and the other statutes.

### B. Beaudin Improperly Lumps Defendants Together, Requiring Dismissal or a More Definite Statement

Beaudin indiscriminately lumps all defendants together in all but Count III relating to J.P. Morgan Chase Bank. Beaudin has thus failed to comply with Federal Rule of Civil Procedure 8.

Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that each allegation be pleaded in a "simple, concise, and direct" manner. *Laing v. Cordi*, No. 2:11–cv–566–FtM–29SPC, 2012 WL 2999700, at *3 (M.D. Fla. July 23, 2012) (internal quotation marks omitted). Although a complaint against multiple defendants is usually read as making the same allegation against each defendant individually, *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir.1997), factual allegations must give each defendant "fair notice" of the nature of the claim and the "grounds" on which the claim rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561–62, 570 (2007). The Amended Complaint hardly gives "fair notice" to any of the defendants of the claims against them.

A plaintiff's "grouping" of defendants in a complaint requires dismissal or a more definite statement. *See Veltmann v. Walpole Pharm.*, 928 F. Supp. 1161, 1164 (M.D. Fla. 1996) (condemning "a complaint [that] fails to separate each alleged act by each defendant into individually numbered paragraphs" and noting that it "is virtually impossible to ascertain from the Complaint which defendant committed which alleged act."); *Lane v. Capital Acquisitions & Mgmt., Co.*, No. 04–60602, 2006 WL 4590705, at *5 (M.D. Fla. Apr. 14, 2006) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the [ ] Complaint fails to satisfy the minimum standards of Rule 8.").

A more definite statement is in order here. As an example, Beaudin does not offer any factual allegations about false or misleading actions on the part of AIC, only that AIC made certain phone calls without specifying the content, sent her a letter, failed to provide validation of the debt, and failed to cease unspecified communications with her. Dkt. #13 ¶¶ 38-41. Again, this is all consistent with lawful conduct. Yet, AIC is accused in unadorned, unsupported, and conclusory allegations that it variously annoyed, oppressed, harassed, abused, and lied to

8

Beaudin, and even used an "automatic telephone dialing system" to collect a debt. *See* Counts I-II and IV-VI.  Nowhere in the Amended Complaint are there any *facts* pled that would support these accusations against AIC. Of course, these perfunctory allegations do not rise to the level required by *Twombly* to overcome a Rule 12(b)(6) motion for dismissal.  But in the unlikely event that any other defendant engaged in this type of alleged behavior, Beaudin should be required to distinguish among the defendants and describe with *facts* what acts each defendant undertook to violate the various statutes pled. Lumping all the defendants together and cavalierly accusing them of the exact same misdeeds as if the plaintiff were reciting the alphabet by rote is simply not permissible.

### III.  Conclusion

For the reasons stated above, the Amended Complaint should be dismissed or Beaudin should be ordered to provide a more definite statement alleging *facts* for each cause of action that plausibly state claims against AIC and the other defendants.

Dated: August 24, 2012            Respectfully submitted,

                    /s/Scott J. Flint
SCOTT J. FLINT
Florida Bar No. 0085073
Email: sflint@broadandcassel.com
Broad and Cassel
100 N. Tampa Street, Suite 3500
Tampa, Florida  33602
Telephone:  813-225-3045
Facsimile:   813-204-2122

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on August 24, 2012, I electronically filed the foregoing with the Clerk of the Courts by using the ECF system which will send a notice of electronic filing to counsel of record appearing on the Certificate of Service generated by the ECF system.

                                                  /s/Scott J. Flint
                                                    Scott J. Flint