**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MARLENE BEAUDIN,
On behalf of herself and others
Similarly situated,

                                      CASE NO.: 6:12-cv-1084-Orl-31TBS

     Plaintiff,

v.

JP MORGAN CHASE BANK, N.A., as
successor in interest to CHASE HOME
FINANCE LLC, CHASE HOME FINANCE
LLC, PROFESSIONAL RECOVERY
SERVICES, GC SERVICES LTD.
PARTNERSHIP and ALLIED
INTERNATIONAL CREDIT,

     Defendants.
_____/

**PLAINTIFF'S OPPOSITION TO DEFENDANT ALLIED INTERNATIONAL CREDIT'S
MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**

Plaintiff, Marlene Beaudin, on behalf of herself and all other similarly situated, responds in opposition to the Motion to Dismiss or for a More Definite Statement filed by Defendant Allied International Credit ("AIC"). For the reasons set forth below, AIC's motion should be denied.

**INTRODUCTION**

The facts of this case are relatively straightforward. Plaintiff, Marlene Beaudin, sold her home in a short sale in December 2009. Am. Compl. ¶ 26. In connection with the sale, Chase, the mortgagee, filed a Satisfaction of Mortgage in the public records, which acknowledged full payment and satisfaction of Plaintiff's Note and Mortgage Deed and surrendered the same as cancelled. Am. Compl. ¶ 27. With respect to AIC, over two years after the short sale

transaction, Ms. Beaudin began receiving debt collection telephone calls from AIC, including on her cellular phone, attempting to collect a debt allegedly owed to Chase stemming from the cancelled mortgage.  Am. Compl. ¶ 38.  Because the mortgage note had been satisfied and cancelled in connection with the short sale, Ms. Beaudin <u>never</u> owed anything to Chase or any debt collector, a fact which is a matter of public record.  She sent a letter to AIC disputing and requesting validation of the alleged debt and requesting that AIC cease telephone contact. Am. Compl. ¶ 39. Thereafter, Ms. Beaudin received a debt collection letter from AIC attempting to collect the alleged debt.  Am. Compl. ¶ 40.  AIC failed to provide Ms. Beaduin with validation of the alleged debt and continued to contact her by telephone.  Am. Compl. ¶ 41.  While AIC's motion to dismiss only addresses Plaintiff's FDCPA claim, as alleged in the Amended Complaint, Plaintiff seeks relief against AIC pursuant to FDCPA, FCCPA, FDUTPA and TCPA.

## LEGAL STANDARD

When ruling on a motion to dismiss, the Court must accept all facts alleged as true and the complaint must be construed in the light most favorable to the plaintiff. *Monilisa Collection, Inc. v. Clarke Products, Inc.*, No. 6:11-cv-360-Orl-31 GJK, 2011 WL 2893630, at *1 (M.D. Fla. July 20, 2011).  A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint and is not intended as a vehicle to decide the merits of the case.  *Id.* (citing *Milbum v. United States*, 734 F.2d 762, 765 (11th Cir. 1984)).   Further, the Court must limit its consideration to the pleadings and any exhibits attached thereto.  *Id.*   Thus, even after the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), [t]he threshold for surviving a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is a low one." *U.S. v. Motosko*, No. 8:12-cv-338-T-

35-TGW, 2012 WL 2088739, at *1 (M.D. Fla. Apr. 19, 2012) (citing *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 995 (11th Cir. 1983)).

Further, in reviewing a motion to dismiss, "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief'" so that the defendant is provided fair notice of the claim and the grounds upon which it rests. *Woolington v 1st Orlando Real Estate Servs., Inc.,* No. 6:11-cv-1107-Orl-31 GJK, 2011 WL 3903252, at *2 (M.D. Fla. Sept. 6, 2011) (quoting *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003)); *see also Monilisa Collection*, 2011 WL 2893630, at *1; *Taylor v. Shore*, No. 8:11-cv-2137-EAK-TBM, 2012 WL 3101732, at *1-2 (M.D. Fla. July 30, 2012); Fed. R. Civ. P. 8(a)).  Indeed, even after *Iqbal* and *Twombly*, Rule 8 remains a liberal pleading requirement and does not obligate a plaintiff to plead with particularity every element of a cause of action.  *Pena v. Am. Home Mortg. Servicing, Inc.* No. 6:12-cv-797-Orl-31KRS, 2012 WL 2368873, at *1 (M.D. Fla. June 12, 2012).  Finally, whether a complaint is adequately plead is a "context-specific" inquiry that "requires a reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. 679.

## ARGUMENT

### A. Plaintiff has adequately plead a cause of action for violation of FDCPA

While AIC is correct that the factual allegations asserted against it are not lengthy, this is because, as discussed above, the facts of this case are relatively straightforward.  AIC attempted to collect a debt allegedly owed to Chase two years after the mortgage note which created the alleged debt had been satisfied and cancelled according to the public records of Volusia County.

To begin, while AIC's motion requests a dismissal of the complaint in its entirety, it should be noted that AIC only addresses the sufficiency of Plaintiff's FDCPA claim.  AIC's

3

motion to dismiss does not challenge the sufficiency of the other causes of action. Accordingly, this response will address AIC's request that Plaintiff's FDCPA claim be dismissed.

The factual allegations asserted against AIC, though brief, state a cause of action for violation of FDCPA and, without a doubt, put AIC on notice of the claims asserted against it. "The elements required for a cause of action under the FDCPA are: (1) Plaintiff is the object of a collection activity arising from consumer debt, (2) Defendant is a debt collector as defined by the FDCPA, and (3) Defendants have engaged in an act or omission prohibited by the FDCPA." *Sullivan v. CTI Collection Servs.,* No. 8:09-cv-365-T-30TGW, 2009 WL 2495950, at *1-2 (M.D. Fla. Aug. 11, 2009) (citing *McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008). AIC does not dispute that Plaintiff has adequately plead the first and second elements. Rather, AIC's motion focuses on the final element of whether AIC engaged in an act or omission prohibited by the FDCPA. Plaintiffs allegations, taken as true, establish that AIC violated various provisions of the FDCPA.

For example, 15 U.S.C. § 1692c prohibits a debt collector from communicating with a consumer after the consumer notifies the debt collector in writing that the consumer refuses to pay the debt or that the consumer wishes the debt collector to cease further communication. The Amended Complaint alleges that Plaintiff sent a letter to AIC requesting that it cease contact and that AIC failed to comply with her request. Am. Compl. ¶¶ 39-41. 15 U.S.C. § 1692e prohibits a debt collector from using any "false deceptive, or misleading representation or means in connection with the collection of any debt," including the "false representation of the … legal status of any debt." Plaintiff's allegations that AIC attempted to collect the debt from her (Am. Compl. ¶¶ 39, 40, 41), despite the fact that the debt was not legally valid pursuant to the public records of Volusia County (Am. Compl. ¶ 27) state a claim for violation of § 1692e. 15 U.S.C. §

1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt," which includes "[t]he collection of any amount unless such amount is expressly permitted by the agreement creating the debt or permitted by law." Plaintiff's allegations that AIC attempted to collect a debt which was not legally valid pursuant to the public records of Volusia county (Am. Compl. ¶¶ 27, 39, 40, 41) state a claim for violation of § 1692f. Pursuant to 15 U.S.C. § 1692g, "[i]f a consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof is disputed …, the debt collector shall cease collection of the debt ..." until the debt has been verified. Plaintiff alleges that in April 2012, the same month she began receiving debt collection calls and received a debt collection letter from AIC, she sent a letter to AIC disputing the debt and that AIC failed to cease communications. Am. Compl. ¶¶ 38-41. Plaintiff's allegations state a claim for violation of 15 U.S.C. § 1692g.

Citing *Twombly* and *Iqbal*, AIC argues that Plaintiff's FDCPA claim should be dismissed because AIC's conduct may have been innocent based on various legal defenses which AIC believes it may rely on to avoid liability under FDCPA. *Twombly* and *Iqbal,* however, do not support the proposition that Plaintiff is required to anticipate defenses that may be raised in order to state a cause of action. To the contrary, it is well-settled law that a plaintiff's complaint is not required to anticipate and negate potential defenses. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see e.g., Arroyo v. J.L. Wilson Concrete, Inc.*, 608-CV-1944-ORL22DAB, 2008 WL 5381897 (M.D. Fla. Dec. 23, 2008) (denying motion to dismiss and stating that "Plaintiff is not required to anticipate and negate any affirmative defenses such as exemptions under the Act."); *Victoria v. Alex Car, Inc.,* 11 C 9204, 2012 WL 1068759 (N.D. Ill. Mar. 29, 2012) ("Plaintiffs are not required to anticipate and overcome these defenses in their pleading"); *Asyst Technologies, LLC*

*v. Eagle Eyes Traffic Ind. Co., Ltd.*, 11-C-00381, 2012 WL 274210 (E.D. Wis. Jan. 31, 2012) ("[P]laintiffs are not required to anticipate and plead around affirmative defenses unless they have pleaded facts that conclusively demonstrate that the suit is without merit.")[1]; *Pennsylvania Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n*, 09C5619, 2010 WL 1979569 (N.D. Ill. May 17, 2010) ("Affirmative defenses are not typically appropriate to decide on a motion to dismiss for failure to state a claim, because a plaintiff is not required to anticipate potential affirmative defenses in its complaint."); *United States v. Carell*, 681 F. Supp. 2d 874, 877 (M.D. Tenn. 2009) ("Complaints need not contain any information about defenses and may not be dismissed for that omission.").

AIC argues that its communications may have been informational rather than debt collection attempts. Doc. 17, at 4. However, assuming *arguendo* that AIC may raise this as a potential defense, Plaintiff alleges that she received "debt collection telephone calls from [AIC] attempting to collect a $211,141.00 debt" and a "debt collection letter from [AIC] attempting to collect the alleged debt." Am. Compl. ¶¶ 38, 40. Plaintiff's allegations, which must be taken as true, make clear that the purpose of the communications she received were to collect a debt.

Next, AIC argues that "Beaudin's claim that AIC failed to respond to her request for validation" does not violate the law because a debt collector can cease collection activity in lieu of providing the consumer verification of the debt. Doc. 17 at 4-5. Without commenting on the legal merits, AIC's argument fails to provide a basis for dismissal of the claim for two reasons. First, as discussed above, AIC's alleged defense is not properly raised on a motion to dismiss. Second, Ms. Beaudin alleges that the collection activity did <u>not</u> cease after her request for

---

[1] For example, although a plaintiff is not required to plead that the claim is within the statute of limitations, some courts have held that where the allegations of a complaint conclusively establish that it is time-barred, the court may dismiss the complaint on statute of limitations

6

validation; accordingly, AIC's alleged defense is not supported by the facts as plead. Am. Compl. ¶ 40-41.

With respect to Beaudin's allegation that AIC failed to cease communications as required by law, AIC argues that a limited exception to the requirement that AIC cease communication may apply.  AIC argues that its post-validation request communications may have been permissible if they were merely to advise the consumer that its further attempts were being terminated or to notify her that it may invoke or intends to invoke a specified remedy.  Doc. 17 at 5; 15 U.S.C. § 1692c(c)(1)-(3).  However, Plaintiff alleges that after she sent her dispute letter, she received calls and a letter attempting to collect the alleged debt (Am. Compl. ¶ 40), not to inform her that debt collection attempts were being terminated or that AIC may invoke a specified remedy.  More importantly, Plaintiff is simply not required to plead in the complaint that a narrow statutory exception does not apply. Ms. Beaudin has adequately plead that AIC violated FDCPA by failing to cease communications upon her written request. Should discovery bear out an available defense based on a statutory exception, AIC may raise that issue on summary judgment.

Plaintiff's allegations do not, as AIC argues, give rise to an inference of permissible conduct. Doc. 17, at 6.  There is no "alternative inference of permissible conduct" that can be read from Plaintiff's allegations.  AIC's references to *Twombly* and *Iqbal* are misguided.  Indeed, it is only AIC's potential defenses which could conceivably give rise to an alternative inference of permissible conduct and, as discussed above, Plaintiff is not required to plead the inapplicability of potential defenses.  Even if these potential defenses could be considered on a motion to dismiss, they would require the Court to ignore Plaintiff's allegations that AIC's

---

grounds. *Singer v. Charles R. Feldstein & Co., Inc.*, 11-CV-8771, 2012 WL 2309064 (N.D. Ill. June 14, 2012).

communications were for the purpose of collecting a debt and that AIC failed to cease communication. The notion that AIC's conduct may have been innocent is contrary to – not consistent with – the factual allegations of the Amended Complaint.

Finally, Plaintiff's allegations with regard to AIC's conduct are not conclusory, and do much more than parrot statutory language. Ms. Beaudin alleges that after her mortgage note was satisfied and cancelled, and recorded as such in the public record, AIC attempted via written and telephonic communications to collect on the note, and continued to do so despite her disputing and requesting validation of the note and exercising her statutory right to request that AIC cease communications. Am. Compl. ¶¶ 27, 38-41. The Amended Complaint provides more than adequate information to put AIC on notice of the nature of Plaintiff's claims – it specifies facts including the type and amount of the alleged debt, the timing of both the satisfaction of the debt and the challenged conduct, the nature of the challenged conduct and the specific provisions of the FDCPA which Plaintiff contends AIC violated. As the court held in *Mahan v. Retrieval-Masters Credit Bureau*, Inc., 777 F. Supp. 2d 1293, 1297 (S.D. Ala. April 13, 2011) (internal citations omitted), an FDCPA case where the factual allegations in the complaint appears to have contained a similar amount of detail as the complaint the instant complaint:

> [T]his is not a case in which the pleading merely lists conclusory claims devoid of underlying factual allegations. Here, Mahan has identified the specific facts on which her claims rest, and the specific FDCPA subsections that she contends were violated by that enumerated course of conduct. Simply put, her 'allegations are not barren recitals of the statutory elements, shorn of factual specificity.'. Retrieval–Masters may well desire elaboration of plaintiff's theory undergirding each alleged statutory violation, but Rule 8 does not mandate an exhaustive recitation of plaintiff's reasoning. That is a purpose of discovery. Stated differently, Mahan "need not prove [her] case on the pleadings," but "must merely provide enough factual material to raise a reasonable inference, and thus a plausible claim." Her First Amended Complaint does just that, by alleging specific facts and circumstances supporting her contentions that defendant used a false name and made false representations concerning its debt collection efforts, all in violation of the cited subsections of the FDCPA. This is not a case in which

8

>the plaintiff frames her pleading in terms of legal conclusions untethered to any factual allegations. As such, there is no *Twombly/Iqbal* problem here. Defendant has received fair notice of plaintiff's claims and their factual underpinnings. The Motion to Dismiss is not well-taken insofar as defendant contends otherwise.

Indeed, in a post-*Twombly* and *Iqbal* decision, this district has held that factual allegations in support of a FDCPA claim which contained far *less* detail than Ms. Beaudin's claims survived a motion to dismiss. *Sullivan v. CTI Collection Servs.*, No. 8:09-cv-365-T-30TGW, 2009 WL 2495950, at *1-2 (M.D. Fla. Aug. 11, 2009). The court stated that "[t]hough the amended complaint still makes barebones allegations, the allegations are sufficient to put Defendant on notice of the claims against it. There is no reason to expend additional time and effort by ordering a second amended complaint." *Id.* at *2. Here, as evidenced by its improper raising of potential defenses on its motion to dismiss, AIC is certainly on notice of the claims brought against it. While AIC would like additional detail regarding Plaintiff's claims, the level of detail AIC requests is not required to be included in the complaint. Plaintiff assumes that AIC will request, and Plaintiff will provide, additional detail during discovery. Plaintiff has satisfied the notice pleading requirements of Rule 8 and the dictates of *Twombly* and *Iqbal*.

It is also worth noting that the two cases cited by AIC in support of its argument that Plaintiff's allegation that the letter she received attempted to collect a debt is conclusory are inapposite. Doc. 17, at 3. In *Medrando v. CTX Mortg. Co., LLC,* No. 6:12-cv-704-Orl-37KRS, 2012 WL 2931293 (M.D. Fla. July 18, 2012), although the complaint listed FDCPA as a statutory basis for jurisdiction, the *pro se* complaint is completely devoid of any allegation that the defendant violated the FDCPA. Indeed, it is unclear from a review of the *pro se* complaint filed in *Medrando* whether the plaintiff intended to bring a claim under FDCPA or not as the only reference in the 28-page complaint to FDCPA is in the jurisdictional allegation. *Medrando*, 6:12-cv-00704-RBD-KRS, at Doc. 1.

In the other case on which AIC relies, *Aniel v. T.D. Service Company*, No. C 10-03185 JSW, 2010 WL 3154087, at *1 (N.D. Cal. Aug. 9, 2010), also a *pro se* complaint, the plaintiff asserted claims under the FDCPA and various state causes of action. The court dismissed the case *sua sponte* for lack of subject matter jurisdiction on the basis that the only federal claim, FDCPA, was not viable because the alleged debt did not meet the definition of "debt" in the FDCPA. *Id.* at 1-2. The claim was not dismissed because the plaintiff failed to plead the existence of a debt, but because the facts plead in the complaint established that the alleged debt did not meet the FDCPA's definition of "debt." *Id.* at *1. In *Aniel*, because the plaintiff alleged that the property at issue was a rental property for which they had tenants, the court found that it was clear from the facts alleged that the debt was not for "personal, family or household purposes", a required element of the definition of debt under the FDCPA. *Id.* This is analogous to the scenario discussed in footnote 1 above, where the dates plead by the plaintiff conclusively establish that the cause of action is barred by the statute of limitations. Here, AIC does not, and cannot, argue that a particular fact included in the complaint conclusively negates a cause of action. Rather, AIC argues that its conduct may be lawful if various defenses can be established, and that there are not enough facts in the complaint to establish that these defenses do not apply. As discussed above, this argument lacks any merit.

### B. Plaintiff has not Improperly Lumped Defendants Together

AIC's argument that Plaintiff has improperly lumped defendants together in the complaint is wholly without merit. As AIC concedes in its motion, the Eleventh Circuit expressly allows multiple defendants to be included in one count. (Dkt. 17 at 8). "When multiple defendants are named in a complaint, the allegations can be and usually are to be read in such a way that each defendant is having the allegation made about him individually." *Crowe v. Coleman*, 113 F.3d

1536, 1539 (11th Cir. 1997). In addition, under the liberal requirements of notice pleading, "[n]o technical forms of pleading ... are required." *Id.* (quoting Fed. R. Civ. P. 8(a)); *see also Sams v. Prison Health Servs., Inc.,* No. 8:06-cv-862-T-24 MAP, 2007 WL 788365, at *3 (M.D. Fla. Mar. 14, 2007); *Freshwater v. Shiver*, No. 6:05-cv-756-ORL19DAB, 2005 WL 2077306, at *2 (M.D. Fla. Aug. 29, 2005).

Contrary to AIC's comment that it is "interesting and somewhat curious that Beaudin alleges virtually the exact same allegations against all three debt collectors," it is not at all surprising that the allegations against the three debt collectors are somewhat similar, as the debt collection industry is widely known for abusive practices, which is what led Congress to enact the FDCPA in the first place. 15 U.S.C. § 1692(a) ("There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."). Moreover, as telephone calls and letters are the most common types of debt collection communications, it is also not surprising that Plaintiff alleges that each of the defendant debt collectors called her and sent her letters.

Nevertheless, the factual allegations of the Amended Complaint are made individually as to each defendant. While several of the allegations apply equally to each of the defendant debt collectors, who all engaged in similar debt collection activities and had similar arrangements with Chase with regard to the collection of alleged debts, the factual allegations specific to each debt collector have been plead separately. As to AIC, factual allegations made solely against it can be found at paragraphs 19, 24 and 38-41. As discussed above, AIC cannot genuinely claim that it is not on notice of the claims asserted against it, and its arguments in support of its motion to dismiss suggest that it does comprehend Plaintiff's claims.

In addition, there is nothing improper about naming more than one defendant per cause of action. In fact, Plaintiff organized the complaint in a manner to make it as concise and comprehensible as possible. If Plaintiff were to restructure the complaint to name one defendant per cause of action, the complaint would contain at least sixteen (16) counts instead of six (6) and have much repetition. In *Lane v. Capital Acquisitions and Mgmt. Co.,* No. 04-60602 CIV, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006), cited by AIC, although there were five defendants, the complaint alleged violations by one collective defendant, without any differentiation among them. The instant complaint does no such thing. Rather, various allegations allege that multiple defendants, each individually named and identified, engaged in the same conduct. This manner of pleading is neither improper nor uncommon.

### C.     AIC's Request for a More Definite Statement Should be Denied

AIC requests in the alternative that this Court order Plaintiff to provide a more definite statement pursuant to Fed. R. Civ. P. 12(e). Rule 12(e) allows a party to move for a more definite statement of a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." "Under clearly established law, motions for more definite statement are disfavored and confined to such narrow circumstances as 'shotgun pleadings' or unintelligible pleadings, not pleadings that are merely less detailed than a defendant might like." *Austin v. Auto Owners Ins. Co.,* No. 12-0345-WS-B, 2012 WL 3101693, at *5 (S.D. Ala. July 30, 2012); *see also Raetano v. Bray*, No. 8:12-cv-966-T-24-TGW, 2012 WL 2979022, at *2 (M.D. Fla. July 20, 2012); *Zyburo v. NCSPLUS, Inc.*, No. 8:12-cv-1065-T-30TBM, 2012 WL 2368904, at *1 (M.D. Fla. June 22, 2012) (motion for more definite statement should be denied unless complaint is so ambiguous that a response is virtually impossible). A motion for more definite statement should only be granted if the pleading is so vague and ambiguous that the opposing party cannot

respond. *Raetano*, 2012 WL 2979022, at *2. "A motion for a more definite statement is not to be used as a substitute for discovery." *Id.*

As discussed above, the Amended Complaint is adequately plead to comply with the notice pleading requirements of Rule 8 and puts AIC on notice of the claims asserted against it. Though AIC may wish for additional detail, the proper vehicle for AIC to obtain further information is through discovery. The Amended Complaint is not vague or ambiguous so as to require a more definite statement.

## CONCLUSION

The Amended Complaint complies with Rule 8 and adequately pleads a cause of action for violation of the FDCPA and other federal and state causes of action. For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant AIC's motion to dismiss or for a more definite statement.

Dated: September 24, 2012

/s/ Tamra Givens
J. ANDREW MEYER, Esq. FBN 56766
TAMRA GIVENS, Esq. FBN 657638
RACHEL SOFFIN, Esq. FBN 18054
Morgan & Morgan, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
ameyer@forthepeople.com
tgivens@forthepeople.com
rsoffin@forthepeople.com

SCOTT WM WEINSTEIN, Esq.
Florida Bar No. 563080
MORGAN & MORGAN, P.A.
12800 University Drive, Suite 600
Fort Myers, FL 33907-5337
Telephone: (239) 433-6880

Facsimile: (239) 433-6836
sweinstein@forthepeople.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 24, 2012, I electronically filed the foregoing **OPPOSITION TO DEFENDANT ALLIED INTERNATIONAL CREDIT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT** with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Tamra Givens