# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARLENE BEAUDIN,**

      **Plaintiff,**

**v.**                                                                **Case No: 6:12-cv-1084-Orl-31TBS**

**CHASE HOME FINANCE LLC,
PROFESSIONAL RECOVERY
SERVICES, GC SERVICES LTD.
PARTNERSHIP, ALLIED
INTERNATIONAL CREDIT and JP
MORGAN CHASE BANK, N.A.,**

      **Defendants.**

## ORDER

This cause comes before the Court on a Motion to Dismiss (Doc. 17) filed by Defendant, Allied International Credit, ("AIC"); and a response (Doc. 27) filed by Plaintiff Marlene Beaudin ("Beaudin").

**I. Background**

This case arises out of the alleged debt collection activities of Defendants after Plaintiff sold her home in a short sale in December 2009. The Amended Complaint alleges that, despite the debt being cancelled, collection activities began shortly after the sale and persisted even after the Plaintiff sent a letter requesting that Defendants cease communication. This purported class action was filed on June 6, 2012 in state court, and removed to this Court on July 13, 2012. The Amended Complaint asserts six causes of action including violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(d), the Florida Consumer Collection

Practices Act ("FCCPA"), § 559.72, Fla. Stat., the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), § 501.203, Fla. Stat., and the Telephone Communications Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* AIC now moves to dismiss the claims against it pursuant to Fed. R. Civ. P. 12(b)(6) or in the alternative, for a more definite statement.

## II. Standard

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950-1951 (2009).

## III. Discussion

AIC raises two arguments in its Motion, (1) that Plaintiff's allegations are too vague or conclusory, and (2) that Plaintiff's allegations are insufficient to overcome various affirmative defenses. With respect to AIC, the Amended Complaint alleges, *inter alia*, that AIC was a debt collector. After Plaintiff requested that AIC stop contacting her, it sent a "debt collection" letter and called her—in violation of state and federal law.[1]

AIC argues that "the letter could have been perfectly legitimate" and that "communications that are merely informational and do not demand payment" are not unlawful, and that the letter "could have been one allowed by 15 U.S.C. § 1692g(a)(1)-(5)." (Doc. 17). With respect to the alleged telephone calls, AIC insists that the allegations are too vague and conclusory, because "the communication could have been permissible." (Doc. 17 at 5). In conclusion, AIC asserts that "these allegations give rise to an inference of permissible conduct."

The allegations in this case are sufficient to survive a motion to dismiss and are not fatally vague or conclusory. Plaintiff has alleged that AIC took various actions to collect a debt in violation of several consumer protection statutes; including sending a letter and making a phone call after the Plaintiff had already requested that these activities cease. The only conceivable addition to the current allegations is the specific language used in the letter or the

---

[1] In its Motion, AIC does not distinguish between Counts. Its arguments, however, appear to be directed solely at the FDCPA claim which prohibits a "debt collector" from communicating with a consumer after the consumer requests that communication cease—with several exceptions. *See* 15 U.S.C. § 1692c.

phone call; but such allegations are unnecessary because Plaintiff has alleged that the purpose of the communication was to collect on a debt. *See* 15 U.S.C. § 1692c. Thus, AIC's argument that the substance of the letter and phone call might have been "perfectly legitimate" is irrelevant at this stage. These factual disputes are properly raised as affirmative defenses, not as a basis for dismissal under Rule 12(b)(6). Plaintiff is correct that she need not "anticipate and negate any affirmative defenses" Defendants might raise. *Arroyo v. J.L Wilson Concrete, Inc.*, No. 6:08-cv-1944-ORL22DAB, 2008 WL 5381897 (M.D. Fla. Dec. 23, 2008).

AIC also argues that Plaintiff "indiscriminately lumps all Defendants together . . ." in violation of Rule 8. As this Court has noted, "there may be cases where grouping together defendants is problematic," but this is not such a case. *Simon Prop. Group, Inc. v. Lauria*, 6:11-CV-1598-ORL-31, 2012 WL 1934405 (M.D. Fla. May 29, 2012) (citing *Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir. 2001)(noting that among other problems, "[t]he complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of.").

Therefore, it is

**ORDERED** that Defendant AIC's Motion (Doc. 17) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 16, 2012.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties