IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. : 6:12-cv-1084-Orl-31-TBS

MARLENE BREUDIN,
On behalf of herself and others
Similarly situlated,

      Plaintiff,

v.

JP MORGAN CHASE BANK, N.A. as
Successor in interest to CHASE HOME
FINANCE LLC, CHASE HOME FINANCE
LLC PROFESSIONAL RECOVERY SERVICES,
GC SERVICES LTD. PARTNERSHIP and
ALLIED INTERNATIONAL CREDIT

      Defendants.
_____/

## DEFENDANT, PROFESSIONAL RECOVERY SERVICES' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

COME NOW, the Defendant, PROFESSIONAL RECOVERY SERVICES. by and through its undersigned counsel, and hereby file this Answer and Affirmative Defenses to Plaintiff's Amended Complaint and herein state as follows:

### PRELIMINARY STATEMENT

1. Admitted for the purposes of claims identification, jurisdiction and venue only; otherwise denied.

### PARTIES, JURISDICTION AND VENUE

2. Admitted for the purposes of jurisdiction and venue only; otherwise denied.

3. Admitted for the purposes of jurisdiction and venue only; otherwise denied.

4. Admitted for the purposes of jurisdiction and venue only; otherwise denied.

5. Unknown at this time; therefore denied;

6. Unknown at this time; therefore denied;

7. Admitted;

8. Unknown at this time; therefore denied;

9. Unknown at this time; therefore denied;

## CLASS ACTION ALLEGATIONS

10. Unknown at this time; therefore denied;

11. Admitted as to Defendant Professional Recovery Services; otherwise unknown at this time; therefore denied;

12. Unknown at this time; therefore denied;

13. Unknown at this time; therefore denied;

14. Admitted as to Defendant Professional Recovery Services;

15. Denied;

16. The allegation(s) contained in this paragraph is/are asserted against Defendants other than Defendant PRS and therefore no response is necessary. To the extent that such allegation(s) is/are asserted directly or indirectly against Defendant PRS, the allegation(s) is/are denied;

17. Unknown at this time; therefore denied;

18. The allegation(s) contained in this paragraph is/are asserted against Defendants other than Defendant PRS and therefore no response is necessary. To the extent that such allegation(s) is/are asserted directly or indirectly against Defendant PRS, the allegation(s) is/are denied;

19. The allegation(s) contained in this paragraph is/are asserted against Defendants other than Defendant PRS and therefore no response is necessary. To the extent that such allegation(s) is/are asserted directly or indirectly against Defendant PRS, the allegation(s) is/are denied;

20. Unknown at this time; therefore denied;

21. Unknown at this time; therefore denied;

22. Denied; Defendant demands strict proof thereof;

23. The allegation(s) contained in this paragraph is/are asserted against Defendants other than Defendant PRS and therefore no response is necessary. To the extent that such allegation(s) is/are asserted directly or indirectly against Defendant PRS, the allegation(s) is/are denied;

24. The allegation(s) contained in this paragraph is/are asserted against Defendants other than Defendant PRS and therefore no response is necessary. To the extent that such allegation(s) is/are asserted directly or indirectly against Defendant PRS, the allegation(s) is/are denied;

25. The allegation(s) contained in this paragraph is/are asserted against Defendants other than Defendant PRS and therefore no response is necessary. To the extent that such allegation(s) is/are asserted directly or indirectly against Defendant PRS, the allegation(s) is/are denied;

## FACTUAL ALLEGATIONS

26. Unknown at this time; therefore denied;

27. Unknown at this time; therefore denied;

28. Unknown at this time; therefore denied;

29. Unknown at this time; therefore denied;

30. Denied; Defendant demands strict proof thereof;

31. Denied; Defendant demands strict proof thereof;

32. Denied; Defendant demands strict proof thereof;

33. Denied; Defendant demands strict proof thereof;

34. The allegation(s) contained in this paragraph is/are asserted against Defendants other than Defendant PRS and therefore no response is necessary. To the extent that such allegation(s) is/are asserted directly or indirectly against Defendant PRS, the allegation(s) is/are denied;

35. The allegation(s) contained in this paragraph is/are asserted against Defendants other than Defendant PRS and therefore no response is necessary. To the extent that such allegation(s) is/are asserted directly or indirectly against Defendant PRS, the allegation(s) is/are denied;

36. The allegation(s) contained in this paragraph is/are asserted against Defendants other than Defendant PRS and therefore no response is necessary. To the extent that such allegation(s) is/are asserted directly or indirectly against Defendant PRS, the allegation(s) is/are denied;

37. The allegation(s) contained in this paragraph is/are asserted against Defendants other than Defendant PRS and therefore no response is necessary. To the extent that such allegation(s) is/are asserted directly or indirectly against Defendant PRS, the allegation(s) is/are denied;

38. The allegation(s) contained in this paragraph is/are asserted against Defendants other than Defendant PRS and therefore no response is necessary. To the extent that such allegation(s) is/are asserted directly or indirectly against Defendant PRS, the allegation(s) is/are denied;

39. The allegation(s) contained in this paragraph is/are asserted against Defendants other than Defendant PRS and therefore no response is necessary. To the extent that such allegation(s) is/are asserted directly or indirectly against Defendant PRS, the allegation(s) is/are denied;

40. The allegation(s) contained in this paragraph is/are asserted against Defendants other than Defendant PRS and therefore no response is necessary. To the extent that such allegation(s) is/are asserted directly or indirectly against Defendant PRS, the allegation(s) is/are denied;

41. The allegation(s) contained in this paragraph is/are asserted against Defendants other than Defendant PRS and therefore no response is necessary. To the extent that such allegation(s) is/are asserted directly or indirectly against Defendant PRS, the allegation(s) is/are denied;

42. Unknown at this time; therefore denied;

43. Unknown at this time; therefore denied;

44. Denied; Defendant demands strict proof thereof;

45. Denied; Defendant demands strict proof thereof;

46. Admitted;

47. Admitted;

48. Unknown at this time; therefore denied;

## CLASS ALLEGATIONS

49. Denied; Defendantdemands strict proof thereof;

50. Denied; Defendant demands strict proof thereof;

51. Denied; Defendant demands strict proof thereof;

52. Denied; Defendant demands strict proof thereof;

53. Denied; Defendant demands strict proof thereof;

54. Denied as to each and every part and sub-part; Defendant demands strict proof thereof;

55. Denied; Defendant demands strict proof thereof;

56. Denied; Defendant demands strict proof thereof;

57. Denied; Defendant demands strict proof thereof;

58. Denied; Defendant demands strict proof thereof;

59. Denied as to each and every part and sub-part; Defendant demands strict proof thereof;

## COUNT I- FDCPA

Defendant incorporates and re-alleges the admissions and/or denials as specifically pled in paragraphs 1 through 59 above.

60. Denied; Defendant demands strict proof thereof;

61. Denied; Defendant demands strict proof thereof;

62. Denied; Defendant demands strict proof thereof;

63. Denied; Defendant demands strict proof thereof;

64. Denied; Defendant demands strict proof thereof;

65. Denied; Defendant demands strict proof thereof;

66. Denied; Defendant demands strict proof thereof;

67. Denied; Defendant demands strict proof thereof;

## COUNT II- FCCPA

Defendant incorporates and re-alleges the admissions and/or denials as specifically pled in paragraphs 1 through 67 above.

68. Denied; Defendant demands strict proof thereof;

69. Denied; Defendant demands strict proof thereof;

70. Denied; Defendant demands strict proof thereof;

71. Denied; Defendant demands strict proof thereof;

72. Denied; Defendant demands strict proof thereof;

## COUNT III – FCCPA- (CHASE ONLY)

Defendant incorporates and re-alleges the admissions and/or denials as specifically pled in paragraphs 1 through 72 above.

73. The allegation(s) contained in this paragraph is/are asserted against Defendants other than Defendant PRS and therefore no response is necessary. To the extent that such allegation(s) is/are asserted directly or indirectly against Defendant PRS, the allegation(s) is/are denied;

74. The allegation(s) contained in this paragraph is/are asserted against Defendants other than Defendant PRS and therefore no response is necessary. To the extent that such allegation(s) is/are asserted directly or indirectly against Defendant PRS, the allegation(s) is/are

denied;

75. The allegation(s) contained in this paragraph is/are asserted against Defendants other than Defendant PRS and therefore no response is necessary. To the extent that such allegation(s) is/are asserted directly or indirectly against Defendant PRS, the allegation(s) is/are denied;

76. The allegation(s) contained in this paragraph is/are asserted against Defendants other than Defendant PRS and therefore no response is necessary. To the extent that such allegation(s) is/are asserted directly or indirectly against Defendant PRS, the allegation(s) is/are denied;

77. The allegation(s) contained in this paragraph is/are asserted against Defendants other than Defendant PRS and therefore no response is necessary. To the extent that such allegation(s) is/are asserted directly or indirectly against Defendant PRS, the allegation(s) is/are denied;

78. The allegation(s) contained in this paragraph is/are asserted against Defendants other than Defendant PRS and therefore no response is necessary. To the extent that such allegation(s) is/are asserted directly or indirectly against Defendant PRS, the allegation(s) is/are denied;

79. The allegation(s) contained in this paragraph is/are asserted against Defendants other than Defendant PRS and therefore no response is necessary. To the extent that such allegation(s) is/are asserted directly or indirectly against Defendant PRS, the allegation(s) is/are denied;

80. The allegation(s) contained in this paragraph is/are asserted against Defendants

other than Defendant PRS and therefore no response is necessary. To the extent that such allegation(s) is/are asserted directly or indirectly against Defendant PRS, the allegation(s) is/are denied;

81. The allegation(s) contained in this paragraph is/are asserted against Defendants other than Defendant PRS and therefore no response is necessary. To the extent that such allegation(s) is/are asserted directly or indirectly against Defendant PRS, the allegation(s) is/are denied;

82. The allegation(s) contained in this paragraph is/are asserted against Defendants other than Defendant PRS and therefore no response is necessary. To the extent that such allegation(s) is/are asserted directly or indirectly against Defendant PRS, the allegation(s) is/are denied;

## **COUNT IV- FDUTPA**

Defendant incorporates and re-alleges the admissions and/or denials as specifically pled in paragraphs 1 through 82 above.

83. Denied; Defendant demands strict proof thereof;

84. Denied; Defendant demands strict proof thereof;

85. Denied; Defendant demands strict proof thereof;

## **COUNT V- TCPA**

Defendant incorporates and re-alleges the admissions and/or denials as specifically pled in paragraphs 1 through 85 above.

86. Denied; Defendant demands strict proof thereof;

87. Denied; Defendant demands strict proof thereof;

88. Denied; Defendant demands strict proof thereof;

89. Denied; Defendant demands strict proof thereof;

## COUNT VI- TCPA

Defendant incorporates and re-alleges the admissions and/or denials as specifically pled in paragraphs 1 through 89 above.

90. Denied; Defendant demands strict proof thereof;

91. Denied; Defendant demands strict proof thereof;

92. Denied; Defendant demands strict proof thereof;

93. Denied; Defendant demands strict proof thereof;

## JURY DEMAND

94. The Defendant demands trial by jury of any remaining issues of fact or law following any ruling on Defendant's dispositive motions.

## AFFIRMATIVE DEFENSES

First Affirmative Defense

Defendant affirmatively alleges that the alleged actions of the Defendant and its agents and employees are protected by the "bona fide error" defense pursuant to 15 U.S.C. §1692k (Section 813(c)) and Florida Consumer Collection Practices Act, *§559.55 et seq.* since such actions or inactions, if they occurred, were not intentional and resulted from a bone fide error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such an errors.

Second Affirmative Defense

Defendant affirmatively alleges that to the extent that any allegations exceed one (1) year

from the date of filing the Complaint, such claims or allegations are barred by the one (1) year statute of limitations under the Fair Debt Collection Practices Act.

Third Affirmative Defense

Defendant affirmatively alleges that to the extent that any allegations exceed two (2) years from the date of filing the Complaint, such claims or allegations are barred by the two (2) years statute of limitations under Florida's Consumer Collection Practices Act.

Fourth Affirmative Defense

Defendant affirmatively alleges that the Plaintiff failed to mitigate her damages, if any, in this case.

Fifth Affirmative Defense

Defendant affirmatively alleges that the Defendant is not liable for the alleged actions or inactions of other third parties, and/or any of its employees, agents or principals.

Sixth Affirmative Defense

Defendant affirmatively alleges that the Defendant did not possess the requisite actual knowledge under Sections 559.72(9) *Fla. Stat.*

Seventh Affirmative Defense

Plaintiff has failed to establish the requisite level of conduct under Florida law to support a claim for punitive damages.

Eighth Affirmative Defense

Defendant affirmatively alleges that the Defendant is exempt from the Telephone Consumer Protection Act under the "prior express consent" defense.

    Respectfully Submitted,

   /s/ *Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Florida Bar No. 0110108
URBAN, THIER, FEDERER & CHINNERY, P.A.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing has been electronically filed on **October 25, 2012**, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which Notice will be electronically mailed to**: J. Andrew Meyer, Rachel Soffin and Scott Wm. Weinstein**, Morgan & Morgan, PA, 201 North Franklin Street, 7th Floor, Tampa, Florida 33602; **Daniel E. Traver**, GrayRobinson, PA, 301 East Pine Street, Suite 1400, Orlando, Florida 32802; **Robert E. Sickles**, Hinshaw & Culbertson, LLP, 100 S. Ashley Drive, Suite 500, Tampa, Florida 33602; **Scott J. Flint,** Broad & Cassel, 100 North Tampa Street, Suite 3500,  Tampa, Florida 33602

*Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Florida Bar No. 0110108
URBAN, THIER, FEDERER & CHINNERY, P.A.
200 South Orange Avenue, Suite 2000
Orlando, Florida   32801
(407) 245-8352    Fax:  (407) 897-8361
kohlmyer@urbanthier.com
Attorneys for Defendant, Professional Recovery Services