UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARLENE BEAUDIN, on behalf of herself
and others similarly situated,

     Plaintiff,

     v.

JPMORGAN CHASE BANK, N.A., as
successor in interest to CHASE HOME
FINANCE, LLC, CHASE HOME
FINANCE, LLC, PROFESSIONAL
RECOVERY SERVICES, GC SERVICES
LTD. PARTNERSHIP and ALLIED
INTERNATIONAL CREDIT,

     Defendants.

_____/

Case No. 6:12-cv-01084-GAP-TBS

## CHASE'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT AND COUNTERCLAIM

Defendants JPMorgan Chase Bank, N.A., as successor by merger to Chase Home Finance, LLC ("Chase Bank"), and Chase Home Finance, LLC ("Chase Home," and, collectively with Chase Bank, "Chase") as and for their answer and affirmative defenses to the Amended Complaint in this action (the "Amended Complaint") and their Counterclaim against plaintiff Marlene Beaudin state as follows:

### PRELIMINARY STATEMENT[1]

The first sentence of the Preliminary Statement sets forth legal conclusions to which no response is required.    To the extent that a response is required, Chase denies the allegations in the Preliminary Statement.

---

[1]  Chase includes the headings from the Amended Complaint solely for ease of reference for the Court and the parties.    Chase makes no admission or other statement by including these headings.

PARTIES, JURISDICTION & VENUE

1.      In response to the allegations in Paragraph 1, Chase admits that Plaintiff purports to allege damages in excess of $15,000.00 exclusive of attorneys' fees and costs, but denies that Plaintiff is entitled to any damages, attorneys' fees, or costs.

2.      The allegations in Paragraph 2 set forth legal conclusions to which no response is required.   To the extent a response is required, Chase respectfully refers the Court to Florida Statute §§ 559.77 and 501.211 and 15 U.S.C. § 1692k(d) for their true and complete content.

3.      Chase lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 3.

4.      Chase lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 4.

5.      Chase denies the allegations in Paragraph 5, and avers that (i) Chase Bank is the successor by merger to Chase Home Finance LLC; (ii) Chase Bank originates and services residential mortgage loans; and (iii) Chase Bank does business in Florida.

6.      Chase denies the allegations in Paragraph 6 and avers that (i) Chase Bank is the successor by merger to Chase Home; and (ii) Chase Bank does business in Florida.

7.      Chase admits on information and belief that Professional Recovery Services is a debt collection company with an office in Vorhees, New Jersey and lacks sufficient information and knowledge to admit or deny the remaining allegations in Paragraph 7.

8.      Chase admits on information and belief that GC Services Ltd. Partnership is a debt collection company with an office in Houston, Texas and lacks sufficient information and knowledge to admit or deny the remaining allegations in Paragraph 8.

9.      Chase admits on information and belief that Allied International Credit is a debt collection company with an office in Glen Allen, Virginia and lacks sufficient information and knowledge to admit or deny the remaining allegations in Paragraph 9.

<u>CLASS ALLEGATIONS</u>

10.      The allegations in the first sentence of Paragraph 10 set forth legal conclusions to which no response is required.   To the extent a response is required, Chase respectfully refers the Court to Florida Statute § 559.55(3) for its true and complete content.   Chase denies the allegations in the second sentence of Paragraph 10, and avers that Chase offers or extends credit to individuals and entities.

11.      The allegations in Paragraph 11 set forth legal conclusions regarding Defendants other than Chase; accordingly, no response is required.   To the extent a response is required, Chase respectfully refers the Court to Florida Statute § 559.55(6) and 15 U.S.C. § 1692(a)(6) for their true and complete content and lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 11.

12.      The allegations in Paragraph 12 set forth legal conclusions to which no response is required.   To the extent a response is required, Chase respectfully refers the Court to Florida Statute § 559.55(2) and 15 U.S.C. § 1692(a) for their true and complete content and lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 12 regarding Defendants other than Chase.

13.      The allegations in Paragraph 13 set forth legal conclusions to which no response is required.   To the extent a response is required, Chase respectfully refers the Court to Florida Statute § 559.55 and 15 U.S.C. § 1692(a)(2) for their true and complete content and lacks

sufficient information and knowledge to admit or deny the allegations in Paragraph 13 regarding

Defendants other than Chase.

14.     The allegations in Paragraph 14 set forth legal conclusions to which no response is

required.   To the extent a response is required, Chase respectfully refers the Court to Florida

Statute § 559.72 for its true and complete content and lacks sufficient information and knowledge

to admit or deny the allegations in Paragraph 14 regarding Defendants other than Chase.

15.     The allegations contained in Paragraph 15 set forth legal conclusions to which no

response is required.   To the extent a response is required, Chase denies the allegations in

Paragraph 15, except admits that it acts through its agents, employees, and officers and lacks

sufficient information and knowledge to admit or deny the allegations regarding Defendants other

than Chase.

16.     Chase denies the allegations contained in Paragraph 16, except admits that (i)

Defendant Professional Recovery Services ("PRS") has provided certain services to Chase

pursuant to that certain Master Services Agreement dated as of April 20, 2009 and Schedule

thereto dated as of December 1, 2009 (the "PRS Agreement"); (ii) Defendant GC Services Ltd.

Partnership ("GC Services") has provided certain services to Chase pursuant to that certain Master

Services Agreement and Schedule thereto dated as of December 1, 2009 (the "GC Services

Agreement");(iii) Defendant Allied International Credit ("AIC") has provided certain services to

Chase pursuant to that certain Master Services Agreement dated as of October 1, 2009 and the

Schedule thereto dated as of December 1, 2009 (the "AIC Agreement") and respectfully refers the

Court to the PRS Agreement, GC Services Agreement, and AIC Agreement for their true and

complete content.

17.     Chase lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 17.

18.     Chase lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 18.

19.     Chase lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 19.

20.     The allegations in Paragraph 20 set forth legal conclusions to which no response is required.

21.     Chase denies the allegations in Paragraph 21.

22.     Chase lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 22.

23.     Chase lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 23.

24.     Chase lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 24.

25.     Chase denies the allegations set forth in Paragraph 25, and respectfully refers the Court to the PRS Agreement, GC Services Agreement, and AIC Agreement for their true and complete content.

## REPRESENTATIVE PLAINTIFF'S ALLEGATIONS

26.     Chase denies the allegations in Paragraph 26, and avers that (i) Plaintiff's home was subject to two mortgages securing loans to Plaintiff from (a) Chase Manhattan Mortgage Corporation and (b) Chase Bank; (ii) Plaintiff's home was sold in a short sale transaction pursuant

to an agreement between Plaintiff and Chase dated November 17, 2009; and (iii) that transaction closed on or about December 7, 2009.

27.     In response to the allegations in Paragraph 27, Chase respectfully refers the Court to the Satisfaction of Mortgage dated January 4, 2010 executed by Chase Home, successor by merger to Chase Manhattan Mortgage Corporation and the Satisfaction of Mortgage executed by Chase Bank dated December 9, 2009 (collectively, the "Satisfactions of Mortgages") and the letter agreement dated November 17, 2009 confirming Chase Home's agreement to the short sale of Plaintiff's home, subject to certain expressly stated conditions (the "Short Sale Agreement," a copy of which is attached hereto as Exhibit A) including, without limitation, Plaintiff's express agreement that she would continue to owe a debt to Chase after the closing of the short sale, for their true and complete content.

28.     Chase lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 28, and avers that Plaintiff owes a debt to Chase and that such debt had not been paid in February 2011.

29.     Chase lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 29, and avers that Plaintiff owes a debt to Chase and that such debt had not been paid during the time period between February 2011 and August 2011.

30.     Chase lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 30.

31.      Chase lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 31.

32.     Chase lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 32.

33.     Chase lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 33.

34.     Chase lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 34, and avers that Plaintiff owes a debt to Chase and that such debt had not been paid in September 2011.

35.     Chase lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 35.

36.     Chase lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 36.

37.     Chase lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 37.

38.     Chase lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 38, and avers that Plaintiff owes a debt to Chase and that such debt had not been paid in April 2012.

39.     Chase lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 39.

40.     Chase lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 40.

41.     Chase lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 41.

42.     Chase denies the allegations in Paragraph 42, and respectfully refers the Court to the PRS Agreement, GC Services Agreement, and AIC Agreement for their true and complete content.

43.     Chase denies the allegations in Paragraph 43, and respectfully refers the Court to the PRS Agreement, GC Services Agreement, and AIC Agreement for their true and complete content.

44.     The allegations in Paragraph 44 set forth legal conclusions to which no response is required.   To the extent a response is required, Chase respectfully refers the Court to Florida Statute § 559.77 for its true and complete content and denies that Plaintiff is entitled to any recovery thereunder.

45.     The allegations in Paragraph 45 set forth legal conclusions to which no response is required.   To the extent a response is required, Chase respectfully refers the Court to 15 U.S.C. § 1692k(a)(2)(A) for its true and complete content and denies that Plaintiff is entitled to any recovery thereunder.

46.     The allegations in Paragraph 46 set forth legal conclusions to which no response is required.   To the extent a response is required, Chase respectfully refers the Court to 47 U.S.C. § 227 for its true and complete content and denies that Plaintiff is entitled to any recovery thereunder.

47.     The allegations in Paragraph 47 set forth legal conclusions to which no response is required.   To the extent a response is required, Chase respectfully refers the Court to Florida Statute § 501.211 for its true and complete content and denies that Plaintiff is entitled to any recovery thereunder.

48.     In response to the allegations of Paragraph 48, Chase admits that (i) prior to the filing of this Answer and Counterclaim, it had not initiated a lawsuit to collect the debt owed by Plaintiff to Chase; and (ii) Chase has not obtained a final judgment regarding that debt.   Chase

lacks sufficient information and knowledge to admit or deny the allegations contained in

Paragraph 48 regarding the conduct of other Defendants.

CLASS ALLEGATIONS

49.     The allegations in Paragraph 49 set forth legal conclusions to which no response is

required.   To the extent a response is required, Chase denies the allegations in Paragraph 49,

except lacks sufficient information and knowledge to admit or deny the allegations regarding

Defendants other than Chase.

50.     The allegations in Paragraph 50 set forth legal conclusions to which no response is

required.   To the extent a response is required, Chase denies the allegations in Paragraph 50,

except lacks sufficient information and knowledge to admit or deny the allegations regarding

Defendants other than Chase.

51.     The allegations in Paragraph 51 set forth legal conclusions to which no response is

required.   To the extent a response is required, Chase denies the allegations in Paragraph 51.

52.     The allegations in Paragraph 52 set forth legal conclusions to which no response is

required.   To the extent a response is required, Chase denies the allegations in Paragraph 52,

except lacks sufficient information and knowledge to admit or deny the allegations regarding

Defendants other than Chase.

53.     The allegations in Paragraph 53 set forth legal conclusions to which no response is

required.   To the extent a response is required, Chase denies the allegations in Paragraph 53,

except lacks sufficient information and knowledge to admit or deny the allegations regarding

Defendants other than Chase.

54.     The allegations in Paragraph 54, including subparts 54(a) through 54(f), set forth

legal conclusions to which no response is required.   To the extent a response is required, Chase

denies the allegations in Paragraph 54, including subparts 54(a) through 54(f), except lacks

sufficient information and knowledge to admit or deny the allegations regarding Defendants other

than Chase.

55.     Chase denies the allegations in Paragraph 55, except lacks sufficient information

and knowledge to admit or deny the allegations regarding Defendants other than Chase.

56.     The allegations in Paragraph 56 set forth legal conclusions to which no response is

required.   To the extent a response is required, Chase denies the allegations in Paragraph 56.

57.     The allegations in Paragraph 57 set forth legal conclusions to which no response is

required.   To the extent a response is required, Chase denies the allegations in Paragraph 57.

58.     The allegations in Paragraph 58 set forth legal conclusions to which no response is

required.   To the extent a response is required, Chase denies the allegations in Paragraph 58,

except lacks sufficient information and knowledge to admit or deny the allegations that "Plaintiff

has retained as counsel attorneys that are experienced in consumer, class action and complex

litigation."

59.     The allegations in Paragraph 59, including subparts 59(a) through 59(g), set forth

legal conclusions to which no response is required.   To the extent a response is required, Chase

denies the allegations in Paragraph 59, including subparts 59(a) through 59(g).

<u>COUNT I</u>

<u>(Violation of the Fair Debt Collection Practices Act "FDCPA" – PROFESSIONAL
RECOVERY SERVICES, GC SERVICES LTD PARTNERSHIP and ALLIED
INTERNATIONAL CREDIT)</u>

Chase re-alleges and incorporates herein by reference its responses to the preceding

paragraphs of the Amended Complaint.

60.     The allegations in Paragraph 60 set forth legal conclusions regarding a claim that is not made against Chase; accordingly, no response is required.   To the extent a response is required, Chase respectfully refers the Court to 15 U.S.C. § 1692(d) for its true and complete content and lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 60.

61.     The allegations in Paragraph 61 set forth legal conclusions regarding a claim that is not made against Chase; accordingly, no response is required.   To the extent a response is required, Chase respectfully refers the Court to 15 U.S.C. § 1692(d)(5) for its true and complete content and lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 61.

62.     The allegations in Paragraph 62 set forth legal conclusions regarding a claim that is not made against Chase; accordingly, no response is required.   To the extent a response is required, Chase respectfully refers the Court to 15 U.S.C. § 1692(e) for its true and complete content and lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 62.

63.     The allegations in Paragraph 63 set forth legal conclusions regarding a claim that is not made against Chase; accordingly, no response is required.   To the extent a response is required, Chase respectfully refers the Court to 15 U.S.C. § 1692(e)(10) for its true and complete content and lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 63.

64.     The allegations in Paragraph 64 set forth legal conclusions regarding a claim that is not made against Chase; accordingly, no response is required.   To the extent a response is required, Chase respectfully refers the Court to 15 U.S.C. § 1692(f) for its true and complete

content and lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 64.

65.     The allegations in Paragraph 65 set forth legal conclusions regarding a claim that is not made against Chase; accordingly, no response is required.   To the extent a response is required, Chase respectfully refers the Court to 15 U.S.C. § 1692(g) for its true and complete content and lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 65.

66.     The allegations in Paragraph 66 set forth legal conclusions regarding a claim that is not made against Chase; accordingly, no response is required.   To the extent a response is required, Chase respectfully refers the Court to 15 U.S.C. § 1692(c) for its true and complete content and lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 66.

67.     The allegations in Paragraph 67 set forth legal conclusions regarding a claim that is not made against Chase; accordingly, no response is required.   To the extent a response is required, Chase respectfully refers the Court to 15 U.S.C. §§ 1692k(a)(1), (a)(2), (a)(2)(B) & (a)(3) for their true and complete content and lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 67.

<u>COUNT II</u>

<u>(Violation of the Florida Consumer Collection Practices Act "FCCPA." PROFESSIONAL RECOVERY SERVICES, GC SERVICES LTD PARTNERSHIP and ALLIED INTERNATIONAL CREDIT)</u>

Chase re-alleges and incorporates herein by reference its responses to the preceding paragraphs of the Amended Complaint.

68.     The allegations in Paragraph 68 set forth legal conclusions regarding a claim that is not made against Chase; accordingly, no response is required.   To the extent a response is required, Chase respectfully refers the Court to Florida Statute § 559.72 for its true and complete content and lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 68.

69.     The allegations in Paragraph 69 set forth legal conclusions regarding a claim that is not made against Chase; accordingly, no response is required.   To the extent a response is required, Chase respectfully refers the Court to Florida Statute § 559.72(7) for its true and complete content and lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 69.

70.     The allegations in Paragraph 70 set forth legal conclusions regarding a claim that is not made against Chase; accordingly, no response is required.   To the extent a response is required, Chase respectfully refers the Court to Florida Statute § 559.72(7) for its true and complete content and lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 70.

71.     The allegations in Paragraph 71 set forth legal conclusions regarding a claim that is not made against Chase; accordingly, no response is required.   To the extent a response is required, Chase respectfully refers the Court to Florida Statute § 559.72(9) for its true and complete content and lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 71.

72.     The allegations in Paragraph 72 set forth legal conclusions regarding a claim that is not made against Chase; accordingly, no response is required.   To the extent that a response is required, Chase respectfully refers the Court to Florida Statute § 559.77 for its true and complete

content and lacks sufficient information and knowledge to admit or deny the allegations in

Paragraph 72.

COUNT III

(Violation of the Florida Consumer Collection Practices Act "FCCPA" – CHASE)

Chase re-alleges and incorporates herein by reference its responses to the preceding

paragraphs of the Amended Complaint.

73.     The allegations in Paragraph 73 set forth legal conclusions to which no response is

required.

74.     The allegations in Paragraph 74 set forth legal conclusions to which no response is

required.   To the extent a response is required, Chase denies the allegations in Paragraph 74, and

respectfully refers the Court to the PRS Agreement, GC Services Agreement, and AIC Agreement

for their true and complete content.

75.     The allegations in Paragraph 75 set forth legal conclusions to which no response is

required.   To the extent a response is required, Chase denies knowledge or information sufficient

to admit or deny the allegations in Paragraph 75, and respectfully refers the Court to the PRS

Agreement, GC Services Agreement, and AIC Agreement for their true and complete content.

76.     The allegations in Paragraph 76 set forth legal conclusions to which no response is

required.   To the extent a response is required, Chase denies the allegations in Paragraph 76, and

respectfully refers the Court to the PRS Agreement, GC Services Agreement, and AIC Agreement

for their true and complete content.

77.     The allegations in Paragraph 77 set forth legal conclusions to which no response is

required.   To the extent a response is required, Chase denies the allegations in Paragraph 77.

78.     The allegations in Paragraph 78 set forth legal conclusions to which no response is required.   To the extent a response is required, Chase denies the allegations in Paragraph 78, and respectfully refers the Court to the PRS Agreement, GC Services Agreement, and AIC Agreement for their true and complete content.

79.     The allegations in Paragraph 79 set forth legal conclusions to which no response is required.   To the extent a response is required, Chase denies the allegations in Paragraph 79.

80.     The allegations in Paragraph 80 set forth legal conclusions to which no response is required.   To the extent a response is required, Chase denies the allegations in Paragraph 80.

81.     The allegations in Paragraph 81 set forth legal conclusions to which no response is required.   To the extent a response is required, Chase denies the allegations in Paragraph 81.

82.     The allegations in Paragraph 82 set forth legal conclusions to which no response is required.   To the extent a response is required, Chase denies the allegations in Paragraph 82.

## COUNT IV

### (Violation of the Florida Deceptive Unfair Trade Practices Act – CHASE, PROFESSIONAL RECOVERY SERVICES, GC SERVICES LTD. PARTNERSHIP and ALLIED INTERNATIONAL CREDIT)

Chase re-alleges and incorporates herein by reference its responses to the preceding paragraphs of the Amended Complaint.

83.     The allegations in Paragraph 83 set forth legal conclusions to which no response is required.   To the extent a response is required, Chase denies the allegations in Paragraph 83 regarding its conduct, except respectfully refers the Court to §§ 501.203 and 501.204 of FDUTPA for their true and complete content and lacks sufficient information and knowledge to admit or deny the allegations regarding Defendants other than Chase.

84.     The allegations in Paragraph 84 set forth legal conclusions to which no response is required.   To the extent a response is required, Chase denies the allegations in Paragraph 84 regarding its conduct, except respectfully refers the Court to Florida Statute § 501.204 for its true and complete content and lacks sufficient information and knowledge to admit or deny the allegations regarding Defendants other than Chase.

85.     The allegations in Paragraph 85 set forth legal conclusions to which no response is required.   To the extent a response is required, Chase denies the allegations in Paragraph 85 regarding its conduct and lacks sufficient information and knowledge to admit or deny the allegations regarding Defendants other than Chase.

<u>COUNT V</u>

<u>(Negligent Violation of the Telephone Communications Protection Act – PROFESSIONAL RECOVERY SERVICES, GC SERVICES LTD. PARTNERSHIP and ALLIED INTERNATIONAL CREDIT)</u>

Chase re-alleges and incorporates herein by reference its responses to the preceding paragraphs of the Amended Complaint.

86.     The allegations in Paragraph 86 set forth legal conclusions regarding a claim that is not made against Chase; accordingly, no response is required.   To the extent a response is required, Chase lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 86.

87.     The allegations in Paragraph 87 set forth legal conclusions regarding a claim that is not made against Chase; accordingly, no response is required.   To the extent a response is required, Chase respectfully refers the Court to 47 U.S.C. § 227 *et seq.* for its true and complete content and lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 87.

88.     The allegations in Paragraph 88 set forth legal conclusions regarding a claim that is not made against Chase; accordingly, no response is required.   To the extent a response is required, Chase respectfully refers the Court to 47 U.S.C. § 227(b)(3)(B) for its true and complete content and lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 88.

89.     The allegations in Paragraph 89 set forth legal conclusions regarding a claim that is not made against Chase; accordingly, no response is required.   To the extent a response is required, Chase respectfully refers the Court to the TCPA for its true and complete content and lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 89.

<u>COUNT VI</u>

<u>(Willful Violation of the Telephone Communications Protection Act – PROFESSIONAL RECOVERY SERVICES, GC SERVICES LTD. PARTNERSHIP and ALLIED INTERNATIONAL CREDIT)</u>

Chase re-alleges and incorporates herein by reference its responses to the preceding paragraphs of the Amended Complaint.

90.     The allegations in Paragraph 90 set forth legal conclusions regarding a claim that is not made against Chase; accordingly, no response is required.   To the extent a response is required, Chase lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 90.

91.     The allegations in Paragraph 91 set forth legal conclusions regarding a claim that is not made against Chase; accordingly, no response is required.   To the extent a response is required, Chase respectfully refers the Court to 47 U.S.C. § 227 *et seq.* for its true and complete content and lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 91.

92.     The allegations in Paragraph 92 set forth legal conclusions regarding a claim that is not made against Chase; accordingly, no response is required.   To the extent a response is required, Chase respectfully refers the Court to 47 U.S.C. §§ 227(b)(3)(B) & (b)(3)(C) for their true and complete content and lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 92.

93.     The allegations in Paragraph 93 set forth legal conclusions regarding a claim that is not made against Chase; accordingly, no response is required.   To the extent a response is required, Chase respectfully refers the Court to the TCPA for its true and complete content and lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 93.

PRAYER FOR RELIEF

Chase denies the allegations contained in the Prayer for Relief and its subparts and denies that Plaintiff is entitled to any of the relief requested.

**AFFIRMATIVE DEFENSES**

FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted; among the deficiencies are the fact that Plaintiff owes a debt to Chase and that Plaintiff has suffered no damages.

SECOND DEFENSE

Plaintiff has not sustained any actual damages and is not entitled to recover any damages.

THIRD DEFENSE

To the extent Plaintiff can prove that she sustained any actual or other damages, those damages were not caused by Chase.    Chase expressly reserves any claims for contribution or indemnification.

## FOURTH DEFENSE

Upon information and belief, Plaintiff's TCPA claims fail because she gave her express consent to be called on her cellular telephone by providing her phone number in connection with the transactions that gave rise to the debt and/or had an existing business relationship with the creditor.

## FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, and laches.

## SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff would be unjustly enriched if she were to recover all or any part of the damages alleged.

## SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by general principles of equity.

## EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## NINTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

## TENTH DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, by her failure to mitigate any damages she purportedly suffered.

## RESERVATION TO RAISE ADDITIONAL AFFIRMATIVE DEFENSES

Chase reserves the right to raise additional affirmative defenses as warranted by discovery or other developments in this action.

## <u>COUNTERCLAIM: BREACH OF CONTRACT</u>

94.     On or about April 23, 2003, Plaintiff executed a promissory note pursuant to which she agreed to pay Chase Manhattan Mortgage Corporation a principal amount of $320,300 plus interest and other amounts due under the note.   Plaintiff's obligations under this note were secured by a Mortgage Deed (the "First Mortgage") on real property in Volusia County, Florida (the "Property").

95.     On or about May 5, 2005, Plaintiff executed a $90,000 Home Equity Line of Credit Agreement with Chase Bank (the "Line of Credit").   Plaintiff's obligations under the Line of Credit were secured by a secondary mortgage on the Property.

96.     On or about January 8, 2007, Plaintiff executed a Modification Agreement with Chase Bank, increasing the Line of Credit by $110,000.

97.     Plaintiff defaulted under both the First Mortgage and the Line of Credit in or about April 2008 by failing to make payments due.

98.     Both Chase Bank and Chase Home (as successor to Chase Manhattan Mortgage Corporation) filed foreclosure suits against Plaintiff in 2008.

99.     In or about October 2009, Plaintiff requested Chase's consent to a "short sale" transaction in which Plaintiff would sell the Property for an amount less than the total amount due and owing under the First Mortgage and the Line of Credit (the "Short Sale").

100.    Chase Home sent Plaintiff a letter agreement dated November 17, 2009 that confirmed Chase Home's agreement to the Short Sale, subject to certain expressly stated conditions (the "Short Sale Agreement," a copy of which is attached hereto as Exhibit A).

101.    Plaintiff signed the Short Sale Agreement on or about November 22, 2009, expressly acknowledging her acceptance of and agreement to its terms and provisions.

102.    The Short Sale Agreement specifically stated that Chase Home agreed to accept a payment of $11,000 on the Line of Credit with the express understanding that the amount paid was "for the release of Chase's security interest(s) only, and the <u>borrower is still responsible for all deficiency balances remaining on the Loan, per the terms of the original loan documents.</u>"   Short Sale Agreement, emphasis in original.

103.    The Short Sale Agreement further provided that after the payment of $11,000 to Chase Home, the deficiency amount "owed by the Borrower" would be "$188,831.56" (and noted that the final payoff amount may be different).

104.    The short sale transaction of Plaintiff's home closed on or about December 9, 2009, and Chase Home was paid $11,000.   The First Mortgage was paid in full at the closing of the short sale transaction.

105.    The Short Sale was individually negotiated and individually tailored to the unique circumstances of Plaintiff and the Property.

106.    In or about April and May 2010, each of the foreclosure actions was dismissed without prejudice.

107.    The Line of Credit (as modified) and the Short Sale Agreement are valid contracts.

108.    Chase has fulfilled its obligations under the Line of Credit and the Short Sale Agreement and is the appropriate party to bring suit against Plaintiff because it is the successor by merger to Chase Home.

109.    Chase has demanded that Plaintiff honor her obligations under the Line of Credit and Short Sale Agreement, but Plaintiff refuses to pay the $211,141 due and owing under the Line of Credit, which represents the amount listed in the Short Sale Agreement plus applicable interest and fees.

110.    As a result, Chase has been damaged in an amount to be determined at trial, but not less than $211,141.

## JURY DEMAND

Chase demands trial by jury of all issues required to be tried and as to which a right to jury trial exists, including any issue raised by any of Plaintiff's claims, Chase's affirmative defenses, or Chase's counterclaim.

## CHASE'S PRAYER FOR RELIEF

WHEREFORE, Defendant Chase requests the following relief:

(i)     Judgment dismissing Plaintiff's Amended Complaint with prejudice;

(ii)    Judgment in favor of Chase on its Counterclaim for an amount to be determined to be determined at trial, but not less than $211,141;

(iii)   Judgment for Chase for its attorneys' fees and costs incurred in prosecuting its Counterclaim; and

(iv)     Such other and further relief as the Court deems just and equitable.

Respectfully submitted this 30th day of October, 2012.

 _/s/ Nathaniel P.T. Read_____
Lawrence T. Gresser (*admitted pro hac vice*)
ltgresser@cohengresser.com
Nathaniel P.T. Read (*admitted pro hac vice*)
nread@cohengresser.com
Joanna Chan (*admitted pro hac vice*)
jchan@cohengresser.com
Cohen & Gresser, LLP
800 Third Avenue
New York, New York 10022
Telephone: (212) 957-7600
Facsimile: (212) 957-4514

 _/s/ Daniel E. Traver_____
Daniel E. Traver
Florida Bar No. 585262
daniel.traver@gray-robinson.com
Rachael M. Crews
Florida Bar No. 795321
rachael.crews@gray-robinson.com
GrayRobinson, P.A.
301 East Pine Street, Suite 1400
P.O. Box 3068 (32802-3068)
Orlando, Florida   32801
Telephone: (407) 843-8880
Facsimile: (407) 244-5690

**Attorneys for Defendants JPMorgan Chase Bank, N.A., as successor by merger to Chase Home Finance, LLC, and Chase Home Finance, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 30th day of October, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Daniel E. Traver*
Daniel E. Traver