**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARLENE BEAUDIN,**
**On behalf of herself and others**　　　　　　**CLASS REPRESENTATION**

　　　**Plaintiff,**　　　　　　　　　**CASE NO.:  6:12-cv-1084-Orl-31TBS**

**v.**

**JP MORGAN CHASE BANK, N.A., as**
**successor in interest to CHASE HOME**
**FINANCE LLC, CHASE HOME FINANCE**
**LLC, PROFESSIONAL RECOVERY**
**SERVICES, GC SERVICES LTD.**
**PARTNERSHIP and ALLIED**
**INTERNATIONAL CREDIT,**

　　　**Defendants.**
_____/

**<u>DEFENDANT ALLIED INTERNATIONAL CREDIT'S, ANSWER AND</u>**
**<u>AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT</u>**

Defendant, Allied International Credit ("AIC"), by its undersigned attorney, files this

Answer and Affirmative Defenses to Plaintiff's Amended Complaint, and states as follows:

**<u>PRELIMINARY STATEMENT</u>**

Admitted for purposes of claim identification only.  Otherwise denied. AIC denies that

this action is brought pursuant to Rule 1.220, Florida Rules of Civil Procedure.

**<u>PARTIES, JURISDICTION & VENUE</u>**

1.　　　Admitted that Plaintiff purports to allege damages in excess of $15,000 exclusive

of attorney's fees and but denied that Plaintiff is entitled to any relief.

2.　　　Paragraph 2 sets forth legal conclusions to which no response is required.  To the

extent a response is required, these allegations are denied.

3.      AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

4.      Denied AIC committed any violations.  As to the remainder of this paragraph, AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

5.      AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

6.      AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

7.      AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

8.      AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

9.      Admitted only that AIC's business includes the collection of unpaid, outstanding account balances and occasionally contacts are made with individuals in Florida.

## CLASS ACTION ALLEGATIONS

10.      Paragraph 10 sets forth legal conclusions to which no response is required.  To the extent a response is required, AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

11.      Admitted only that AIC's business includes the collection of unpaid, outstanding account balances and it occasionally contacts individuals in Florida.  As to the remainder of Paragraph 11, it sets forth legal conclusions to which no response is required.  To the extent a

response is required, AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

12.     Paragraph 12 sets forth legal conclusions to which no response is required.  To the extent a response is required, AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

13.     Paragraph 13 sets forth legal conclusions to which no response is required.  To the extent a response is required, AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

14.     Paragraph 14 sets forth legal conclusions to which no response is required.  To the extent a response is required, AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

15.     Admitted that AIC acts through its agents, employees, and officers.  Otherwise denied.

16.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

17.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

18.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

19.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

20.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

21.     Denied that AIC attempted to collect any debt that it knew individuals did not owe.  Otherwise, AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

22.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

23.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

24.     Denied.

25.     Denied as to AIC.

## REPRESENTATIVE PLAINTIFF'S ALLEGATIONS

26.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

27.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

28.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

29.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

30.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

31.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

32.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

33.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

34.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

35.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

36.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

37.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

38.     Admitted only that an account was placed with AIC and that the information showed the account to have an outstanding balance owed to Chase of $211,191.  For the remainder of the allegations, AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

39.     Admitted that AIC received a letter on or about April 30, 2012, disputing and requesting validation of the alleged debt, and that all communication with Plaintiff thereafter ceased.  Otherwise denied.

40.     Admitted.

41.     Denied.

42.     Denied as to AIC.

43.     Admitted only that AIC was retained by Chase to collect unpaid outstanding account balances and the information it received was that the outstanding balance was owed to Chase.  Otherwise denied.

44.     Paragraph 44 sets forth legal conclusions to which no response is required.  To the extent a response is required, AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

45.     Paragraph 45 sets forth legal conclusions to which no response is required.  To the extent a response is required, AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

46.     Paragraph 46 sets forth legal conclusions to which no response is required.  To the extent a response is required, AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

47.     Paragraph 47 sets forth legal conclusions to which no response is required.  To the extent a response is required, AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

48.     Admitted that AIC has not commenced a lawsuit or obtained a judgment in connection with this outstanding debt.  Otherwise, AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

## CLASS ALLEGATIONS

49.     Paragraph 49 sets forth legal conclusions to which no response is required.  To the extent a response is required, AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied. Denied that this case is suitable as a Class Action.

50.     Paragraph 50 sets forth legal conclusions to which no response is required.  To the extent a response is required, AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied. Denied that this case is suitable as a Class Action.

51.     Paragraph 51 sets forth legal conclusions to which no response is required.  To the extent a response is required, AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied. Denied that this case is suitable as a Class Action.

52.     Paragraph 52 sets forth legal conclusions to which no response is required.  To the extent a response is required, AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied. Denied that this case is suitable as a Class Action.

53.     Paragraph 53 sets forth legal conclusions to which no response is required.  To the extent a response is required, AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied. Denied that this case is suitable as a Class Action.

54.     Paragraph 54 sets forth legal conclusions to which no response is required.  To the extent a response is required, AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied. Denied that this case is suitable as a Class Action. All subparts of this paragraph are denied.

55.     Denied as to AIC.

56.     Denied as to AIC.

57.     Denied.

58.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth

of the allegations contained therein.

59.     Denied. All subparts of paragraph 59 are denied.

## COUNT I
### (Violation of the Fair Debt Collection Practices Act "FDCPA" – PROFESSIONAL RECOVERY SERVICES, GC SERVICES LTD. PARTNERSHIP and ALLIED INTERNATIONAL CREDIT)

AIC incorporates its responses to paragraphs 1-59.

60.     Denied as to AIC.

61.     Denied as to AIC.

62.     Denied as to AIC.

63.     Denied as to AIC.

64.     Denied as to AIC.

65.     Denied as to AIC.

66.     Denied as to AIC.

67.     Denied as to AIC.

## COUNT II
### (Violation of the Florida Consumer Collection Practices Act "FCCPA" – PROFESSIONAL RECOVERY SERVICES, GC SERVICES LTD PARTNERSHIP and ALLIED INTERNATIONAL CREDIT)

AIC incorporates its responses to paragraphs 1-59.

68.     Admitted that AIC is subject to the law of Florida; otherwise denied.

69.     Denied as to AIC.

70.     Denied as to AIC.

71.     Denied as to AIC.

72.     Denied as to AIC.

## COUNT III

## (Violation of the Florida Consumer Collection Practices Act – "FCCPA" – CHASE)

AIC incorporates its responses to paragraphs 1-59.

73.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

74.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

75.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

76.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

77.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

78.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

79.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

80.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

81.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

82.     AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

## COUNT IV
### (Violation of the Florida Deceptive and Unfair Trade Practices Act – CHASE, PROFESSIONAL RECOVERY SERVICES, GC SERVICES LTD. PARTNERSHIP and ALLIED INTERNATIONAL CREDIT)

AIC incorporates its responses to paragraphs 1-59.

83.     Paragraph 83 sets forth legal conclusions to which no response is required.  To the extent a response is required, AIC lacks knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein; therefore denied.

84.     Denied as to AIC.

85.     Denied as to AIC.

## COUNT V

### (Negligent Violation of the Telephone Communications Protection Act – PROFESSIONAL RECOVERY SERVICES, GC SERVICES LTD. PARTNERSHIP and ALLIED INTERNATIONAL CREDIT)

AIC incorporates its responses to paragraphs 1-59.

86.     Denied as to AIC.

87.     Denied as to AIC.

88.     Denied as to AIC.

89.     Denied as to AIC.

## COUNT VI

### (Willful Violation of the Telephone Communications Protection Act – PROFESSIONAL RECOVERY SERVICES, GC SERVICES LTD. PARTNERSHIP and ALLIED INTERNATIONAL CREDIT)

AIC incorporates its responses to paragraphs 1-59.

90.     Denied as to AIC.

91.     Denied as to AIC.

92.     Denied as to AIC.

93.     Denied as to AIC.

## PRAYER FOR RELIEF

AIC denies all allegations in the Prayer for Relief and denies Plaintiff is entitled to any

relief whatsoever.

## AFFIRMATIVE DEFENSES

1.      AIC made no further communications and ceased all contact with Plaintiff after

she sent the letter received by AIC on or about April 30, 2012.

2.      AIC had no knowledge that the balance of the account referred to it by Chase was

allegedly already satisfied.

3.      The alleged actions of AIC and its agents and employees are protected by the

"bona fide error" defense pursuant to 15 U.S.C. § 1692k (Section 813(c)) and Florida Consumer

Collection Practices Act, § 559.55 *et seq*. since such actions or inactions, if they occurred, were

not intentional and resulted from a bona fide error notwithstanding AIC's maintenance of

procedures reasonably adapted to avoid such an error.

4.      Plaintiff's claims are barred by the applicable statutes of limitations.

5.      Plaintiff failed to mitigate her damages, if any, in this case.

6.      AIC is not liable for the alleged actions or inactions of third parties, and/or any of

their employees, agents or principals.

7.      AIC did not possess the requisite actual knowledge under section 559.72(9),

Florida Statutes.

8.      Plaintiff has failed to establish the requisite level of conduct under Florida law to support a claim for punitive damages.

9.      Plaintiff's claims are barred in whole or in part by waiver, estoppel and laches.

10.     AIC is exempt from the Telephone Consumer Protection Act under the "prior express consent" defense.

**DATED:** November 7, 2012.

Respectfully submitted,


_____/s/Scott J. Flint_____
Scott J. Flint
Florida Bar Number:  0085073
sflint@broadandcassel.com
KELLY B. HOLBROOK
Florida Bar No. 527084
kholbrook@broadandcassel.com
BROAD AND CASSEL
100 N. Tampa Street, Suite 3500
Tampa, FL 33602
(813) 225-3045 (phone)
(813) 204-2122 (facsimile)


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 7, 2012, I electronically filed the foregoing with the Clerk of the Courts by using the ECF system which will send a notice of electronic filing to counsel of record appearing on the Certificate of Service generated by the ECF system.

_____/s/Scott J. Flint_____
Scott J. Flint