# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARLENE BEAUDIN,**

          **Plaintiff,**

v.    Case No. 6:12-cv-1084-Orl-31TBS

**JP MORGAN CHASE BANK, N.A., as successor in interest to CHASE HOME FINANCE LLC, CHASE HOME FINANCE LLC, PROFESSIONAL RECOVERY SERVICES, GC SERVICES LTD. PARTNERSHIP and ALLIED INTERNATIONAL CREDIT,**

          **Defendants.**

_____

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures** (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) [Court recommends 30 days after CMR meeting] | Dec. 21, 2012 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [each party who has not previously filed must file immediately] | COMPLETED |
| **Motions to Add Parties or to Amend Pleadings** [Court recommends 1 - 2 months after CMR meeting] | Jan. 21, 2013 |
| **Disclosure of Expert Reports**  Plaintiff: Defendant: [Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | July 12, 2013 August 26, 2013 |
| **Discovery Deadline** | October 4, 2013 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| [Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | |
| **Dispositive Motions [Court recommends 5 months before trial** | **Nov. 8, 2013** |
| *Daubert* **Motions [Court recommends 4 months before trial]** | **Jan. 17, 2014** |
| **Meeting** *In Person* **to Prepare Joint Final Pretrial Statement [10 days before Joint Final Pretrial Statement]** | **Feb. 21, 2014** |
| **Joint Final Pretrial Statement (***Including* **a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with CD or emailed to chambers_FLMD_Presnell@flmd.uscourts.gov), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)   [Court recommends 6 weeks before Final Pretrial Conference]** | **March 3, 2014** |
| **Motion for Class Certification**<br><br><br>**All Other Motions Including Motions** *In Limine* **[Court recommends 3 weeks before Final Pretrial Conference]** | **Plaintiff proposes June 24, 2013; Defendants propose the existing deadline of Jan. 11, 2013**<br><br>**April 7, 2014** |
| **Final Pretrial Conference [Court will set a date that is approximately 3 weeks before trial]** | **TBD** |
| **Trial Term Begins**<br>**[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term** *must not* **be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties]** | **May 5, 2014** |
| **Estimated Length of Trial   [trial days]** | **5** |
| **Jury / Non-Jury** | **Jury** |

| DEADLINE OR EVENT | | AGREED DATE |
|---|---|---|
| **Mediation** | Deadline:<br>Mediator:<br>Address:<br><br>Telephone: | **July 22, 2013**<br>**TBD** |
| **[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline]** | | |
| **All Parties Consent to Proceed Before Magistrate Judge** | | Yes____   No X<br><br>**Likely to Agree in Future** _____ |

**I.     Meeting of Parties in Person**

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise.  Counsel will meet in the Middle District of Florida, unless counsel agree on a different location.  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] a meeting was held in person on November 20, 2012 at 1:00 p.m. at 20 North Orange Avenue, 16th Floor, Orlando, FL 32802 and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| J. Andrew Meyer (in-person) | Plaintiff |
| Daniel Traver  (in-person) | Defendants JP Morgan Chase Bank, N.A., as successor by merger to Chase Home Finance, LLC and Chase Home Finance, LLC |
| Nathaniel Read (telephonic) | Defendants JP Morgan Chase Bank, N.A., as successor by merger to Chase Home Finance, LLC and Chase Home Finance, LLC |
| Scott Flint (telephonic) | Defendant Allied International Credit |
| Robert Sickles (telephonic) | Defendant GC Services Ltd. Partnership |

---

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

Skip Kohlmyer (in-person)                                        Defendant Professional Recovery Services

Counsel for Defendants GC Services Limited Partnership, JP Morgan Chase Bank, N.A. and Allied International Credit were authorized by the Court to appear telephonically at the case management conference (Dkt. 50).

**II.     Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extend that Rule 3.05 opts out of the mandatory discovery requirements).

The parties \_\_\_\_ have exchanged X agree to exchange (check one)

    information described in Fed.R.Civ.P. 26(a)(1)(A) - (D)

        by December 21, 2012.

    Below is a description of information disclosed or scheduled for disclosure.

The parties will disclose the information required pursuant to Fed. R. Civ. P. 26(a)(1)(A)-(D).

### III.  Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

    \_\_no party anticipates the disclosure or discovery of ESI in this case;

    X one or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

    A.  The form or forms in which ESI should be produced.

**The parties anticipate that records will be produced electronically in the course of discovery, but they do not anticipate production including metadata. In other words, while the parties may produce documents in electronic form, they do not currently believe that outside vendors will be necessary to aggregate or keyword search large amounts of**

---

[2] See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26(f) and Rule 16.

**documents. Accordingly, the Parties agree to work cooperatively to address the form and scope of production, including ESI, once discovery commences.**

B. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

**The Parties currently anticipate that discovery, including the production of ESI, will be promulgated under the deadlines contained in the Court's Case Management and Scheduling Order. The Parties do not currently contemplate extensive aggregation or production of ESI in this case.**

C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

**Metadata production is not currently sought by any party to this action.**

D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

**The Parties do not currently anticipate that this sub-section is applicable to this matter.**

E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

**The parties do not currently anticipate that this sub-section is applicable to this matter.**

F. Any issues relating to preservation of discoverable ESI.

**The Parties agree to preserve all information, including ESI, that is germane to this action. There is no particularized agreement, however, relating to ESI.**

G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV.F. below on Confidentiality Agreements.

**The Parties do not currently anticipate that this sub-section is applicable to this matter. See sub-section IV.F.**

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

**The Parties do not currently anticipate that this sub-section is applicable to this matter.**

Please state if there are any areas of disagreement on these issues and , if so, summarize the parties' positions on each: **There is no current disagreement on these issues. The Parties agree to continue to work cooperatively as discovery commences and continues.**

If there are disputed issues specified above, or elsewhere in this report, then (check one):

___one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed.R.Civ.P.**

X all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

**IV.     Agreed Discovery Plan for Plaintiffs and Defendants**

      **A.     Certificate of Interested Persons and Corporate Disclosure Statement —**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

X   Yes

_____   No                              Amended Certificate will be filed by

_____ (party) on or before

_____ (date).      B.Discovery Not Filed   —

   B.   **Discovery Not Filed**   —

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests on diskette.  *See* Local Rule 3.03 (f).  The parties further agree as follows:

**None.**

   C.   **Limits on Discovery**   —

Absent leave of Court, the parties may take no more than ten depositions per side (not per party).  Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b).  Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts.  Fed.R.Civ.P. 33(a); Local Rule 3.03(a).  Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours.  Fed.R.Civ.P. 30(d)(2).  The parties may agree by stipulation on other limits on discovery.  The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order.  Fed.R.Civ.P. 29.  In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

   1.   Depositions
      None.

    2.      Interrogatories

          None.

    3.      Document Requests

          None.

    4.      Requests to Admit

          None.

    5.      Supplementation of Discovery

          None.

**D.**    **Discovery Deadline**  —

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows: **None.**

    **E.**    **Disclosure of Expert Testimony** —

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony: None.

    **F.**    **Confidentiality Agreements** —

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows: The parties will work cooperatively to address confidentiality issues in an agreed-upon stipulation.

    G.    **Other Matters Regarding Discovery —**

**None at this time.**

VI.    **Settlement and Alternative Dispute Resolution.**

    A.    **Settlement —**

The parties agree that settlement is

_____ likely   X unlikely               (check one)

The parties request a settlement conference before a United States Magistrate Judge.

_____ yes      X no       _____ likely to request in future

    B.    **Arbitration —**

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

    yes          <u>X no</u>          likely to agree in future

<u>      </u> Binding          <u>       </u>Non-Binding

**C.**     **Mediation —**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

   D.   **Other Alternative Dispute Resolution —**

The parties intend to pursue the following other methods of alternative dispute resolution:

**None**


**Date: November 26, 2012**


**Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.**

_____     _____

_____     _____

_____     _____

_____     _____


/s/   J. Andrew Meyer
**J. ANDREW MEYER, ESQUIRE**
Florida Bar No. 0056766
TAMRA GIVENS, ESQUIRE
Florida Bar No. 657638
RACHEL SOFFIN, ESQUIRE
Florida Bar No. 0018054
MORGAN & MORGAN, P.A.
201 North Franklin Street, 7th Floor
Tampa, Florida   33602
Telephone:   (813) 223-5505
Facsimile:   (813) 223-5402
Email: ameyer@forthepeople.com
          tgivens@forthepeople.com
          rsoffin@forthepeople.com

**SCOTT WM WEINSTEIN, ESQUIRE**
Florida Bar No. 563080
MORGAN & MORGAN, P.A.
12800 University Drive, Suite 600
Fort Myers, FL   33907-5337
Telephone: (239) 433-6880
Facsimile:   (239) 433-6836
Email:   sweinstein@forthepeople.com

**Attorneys for Plaintiff**

 /s/ *Nathaniel P.T. Read*
Lawrence T. Gresser (*admitted pro hac vice*)
ltgresser@cohengresser.com
Nathaniel P.T. Read (*admitted pro hac vice*)
nread@cohengresser.com
Joanna Chan (*admitted pro hac vice*)
jchan@cohengresser.com
Cohen & Gresser, LLP
800 Third Avenue
New York, New York 10022
Telephone: (212) 957-7600
Facsimile: (212) 957-4514

 /s/ *Daniel E. Traver*
Daniel E. Traver
Florida Bar No. 585262
daniel.traver@gray-robinson.com
Rachael M. Crews
Florida Bar No. 795321
rachael.crews@gray-robinson.com
GrayRobinson, P.A.
301 East Pine Street, Suite 1400
P.O. Box 3068 (32802-3068)
Orlando, Florida  32801
Telephone: (407) 843-8880
Facsimile: (407) 244-5690

**Attorneys for Defendants, JPMorgan Chase Bank, N.A., as successor by merger to Chase Home Finance, LLC and Chase Home Finance, LLC**